## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | CIVIL ACTION |
| Horsham, PA  19044 | : | |
| Plaintiff, | : | |
| v. | : | No. |
| DANIEL VAN DYKE | : | |
| 2264 MacArthur Road | : | |
| Whitehall, PA  18052 | : | |
| Defendant. | : | |

## COMPLAINT

1.      Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation,

with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania

19044.

2.      Defendant, Daniel Van Dyke ("Van Dyke"), is an adult individual who is a citizen

of the Commonwealth of Pennsylvania with a principal place of business at 2264 MacArthur

Road, Whitehall, PA  18052.

3.      This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to

28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and

related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state

and common law claims contained herein.

4.      Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in

this District, Defendant has transacted business with ATI continuously over the last several years

in this District and the claims arise under a contract that was made in this District.

## BACKGROUND

5.     Since at least 1963, ATI has continually used the name "AAMCO" as its trade

name, trademark and service mark in connection with the operation of transmission repair

centers.  It is the owner of the following marks registered on the principal register of the United

States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

6.     ATI is engaged in interstate commerce in, <u>inter alia</u>, the business of franchising or

licensing others to use the mark and name "AAMCO" in the operation of transmission repair

centers throughout the United States and Canada.

7.     The "AAMCO" trade name and trademark have become universally associated

with the repair of motor vehicle transmissions and the operation of transmission repair centers.

As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and

in the marks described above.  By virtue of the long use and promotion and the resulting fine

public reputation of the trade name "AAMCO", there exists a secondary meaning in the name

"AAMCO" and the above marks.

8.     Large sums of money have been spent in advertising and promoting the services

sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long

established goodwill associated with the name and the above marks in connection with the

services provided under its trade name and trademarks.

9.      ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith.  To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10.     On October 4, 2007, ATI and Defendant Van Dyke entered into a franchise agreement, pursuant to which Defendant was authorized to use and have used the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 2264 MacArthur Road, Whitehall, PA  18052 (the "Center").  A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

11.     As provided under the Franchise Agreement, ATI shared with the Defendant its proprietary systems, information and trade secrets for operating a successful automotive repair business which ATI had developed over its more than 45 year history.  ATI provided to Van Dyke ATI's proprietary manuals, customer lists and software.

12.     In a letter dated June 9, 2010, ATI placed Defendant on notice that he was in payment default under the Franchise Agreement and demanded that the payment default be cured within ten (10) days, which Defendant failed and refused to do. A true and correct copy of the said demand letter is attached hereto at Exhibit "B".

13.     In a letter dated June 22, 2010, ATI notified Defendant that, based on his failure to cure the payment default, Defendant's Franchise Agreement was terminated for cause.  A true and correct copy of the said termination letter is attached hereto at Exhibit "C".

3

14.     Section 19.2 of the Franchise Agreement, entitled "Procedures after Termination," provides that upon termination of the franchise, Defendants shall:

> (1) promptly pay AAMCO all amounts due and owing under this Agreement;

> (2) immediately and permanently discontinue the use of all AAMCO names and marks, signs, structures, all forms of advertising, telephone listings and service, manuals, software and all materials and products of any kind which are identified or associated with the System or AAMCO and return all such materials and products, including without limitation, the Operator's Manual, to AAMCO;

> (3) thereafter make no representations or statements for commercial benefit that Franchisee is or ever was in any way approved, endorsed, associated or identified with AAMCO or the System in any manner whatsoever or that Franchisee is a former AAMCO franchisee; provided, however, Franchisee shall reimburse AAMCO for all customer warranty repairs made within an applicable warranty period arising from work performed at the Center;

> (4) immediately take all steps necessary to amend or terminate any registration or filing of any fictitious name or any other registration or filing containing the AAMCO names and marks in order to effectuate the removal of the AAMCO names and marks from such registration or filing; and

> (5) thereafter refrain from establishing any HTML or other link between any web site created, maintained or used by Franchisee and AAMCO's home pages(s) or other part of its web site(s).

*See* Franchise Agreement, ¶ 19.2(a), attached hereto at Ex. "A".

15.     Despite the termination of his franchise and any further authority to continue in business under and the use of the AAMCO name, Defendant has refused to take the actions required by Section 19.2 of the Franchise Agreement to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, has continued to operate the Center under the name and style "AAMCO Transmissions", to hold himself out to be an authorized AAMCO franchisee, and to

use the AAMCO trade name and trademark, without any license or right whatsoever. Further,

Defendant has failed and refused to turn over AAMCO advertised telephone numbers which he

continues to use in his business.

16.     Section 20 of the Franchise Agreement, entitled "Covenant Not-to-Compete,"

provides in pertinent part that:

> Except for the business contemplated by this Agreement ... during the
> term of this Agreement, Franchisee shall not engage in any business the
> same as, similar to, or in competition with any Center, AAMCO or the
> System...For a period of two (2) years after the termination of this
> Agreement for any reason...Franchisee shall not ...within a radius of ten
> (10) miles of Franchisee's former Center and ten (10) miles of any other
> Center in operation at the time of termination or any Center that has
> commenced operation during the two-year period, begin or engage in any
> business the same as, similar to or in competition with such Center

*See* Franchise Agreement, ¶ 20, attached hereto at Ex. "A".

17.     Defendant has failed and refused to comply with Section 20 of the Franchise

Agreement and continues to operate a transmission repair business from the former Center

location.

## COUNT I - TRADEMARK INFRINGEMENT

18.     ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 17

above.

19.     Defendant has materially breached the terms and conditions of the Franchise

Agreement, and as a result, the Franchise Agreement has been terminated thereby extinguishing

any contractual right of Defendant to use ATI's marks.

20.     Defendant has willfully and without justification failed and refused to comply

with the post-termination provisions of the Franchise Agreement which requires Defendant to,

among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all

items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

21.     Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the Center.

22.     Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

23.     Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

24.     The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

25.     The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

26.     Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

27.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Repair Center for the period since June 22, 2010, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II - BREACH OF FRANCHISE AGREEMENT -
## SPECIFIC PERFORMANCE

28.     ATI hereby incorporates by reference, as if fully set forth, the allegations

contained in paragraphs 1 through 27 above.

29.     As a result of the termination of Defendant's franchise, ATI is also entitled to

specific performance of Section 19.2 of the Franchise Agreement, which requires Defendant to,

among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all

items containing the AAMCO name and trademark, and transfer to ATI any and all telephone

numbers listed under the AAMCO name.

30.     The Franchise Agreement further provides in Section 20 that for a period of two

years following termination, Defendant will not, directly or indirectly, engage in the transmission

repair business within a radius of ten miles of the Center, or within a radius of ten (10) miles of

any other AAMCO center.

31.     Although Defendant's franchise has been terminated, Defendant continues to

operate a transmission repair business at the location of the Center in violation of the covenant

not-to-compete contained in the Franchise Agreement and in violation of ATI's trademark rights

as stated in Count I above.

32.     By continuing to conduct a transmission repair business in violation of the

covenant not-to-compete, Defendant has misappropriated the goodwill generated under the

AAMCO name by using the same phone number advertised in the telephone yellow pages as has

been previously advertised and in use under the AAMCO name.

33.     Defendant's failure to honor the procedures after termination stated in Section

19.2 of the Franchise Agreement and his conduct in continuing a transmission repair business at

the Center in violation of the covenant not-to-compete interferes with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

34.     ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination and covenant not-to-compete is ordered and injunctive relief granted to restrain Defendant's violation of the covenant not-to-compete, ATI will continue to suffer irreparable harm.

COUNT III - COMMON LAW UNFAIR COMPETITION

35.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 34 above.

36.     Defendant's conduct is in violation of the common law of unfair competition in that he is:

(a)     Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Center;

(b)     Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business at the Center; and,

(c)     Representing to the public that the business conducted at the Center has ATI's approval, which it does not.

37.     These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

38.     Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

39.     ATI is without an adequate remedy at law.

### COUNT IV – COSTS AND ATTORNEYS' FEES

40.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 39 above.

41.     Pursuant to Section 17 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

42.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

43.     Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

44.     Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

### COUNT V – DECLARATORY JUDGMENT

45.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 44 above.

46.     Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S.A. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

47.     A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

48.     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws.  Neither Plaintiff, nor its agents, employees, brokers or representatives, have made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreement.

49.     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

50.     Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement.

51.     Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

52.     Plaintiff has properly terminated the Franchise Agreement.

53.     Defendant must comply with all provisions of Section 19.1 of the Franchise Agreement.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, that Plaintiff may terminate Defendant under the Franchise Agreement for one or more of the breaches described in the above set forth Counts of this Complaint, that Plaintiff may remove the telephone numbers, (610) 821-8090 and (610) 821-8092, from the Center, and that Plaintiff may obtain physical control of Defendant's Center location.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.     That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

(i)     using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

(ii)     advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,

(iii)     doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B.     That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C.     That Defendant transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each

such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

      D.     That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after June 22, 2010 and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

      E.     That Defendant be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate a transmission repair center for two years at or within ten (10) miles of the location of the Center or any other AAMCO repair center.

      F.     That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

      G.     That the Court enter Declaratory Judgment that:

      (i).     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

      (ii).     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

      (iii).     Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement;

      (iv).     Plaintiff has properly terminated the Franchise Agreement; and,

      (v).     Defendant must comply with all provisions of Sections 19.1 and 19.2 of the Franchise Agreement.

H.    That ATI be awarded its reasonable attorneys' fees, costs of court and all other and

further relief to which it may be entitled.

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900